IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Akeem Jamal Edwards, | ) | Case No. 9:19-cv-02785-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Hutchinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a motion for summary judgment,[1] and Petitioner filed a response in opposition. ECF Nos. 10, 13. On January 28, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 15. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 17.

---

[1] The Report identifies the motion as a motion to dismiss. ECF No. 15 at 1. This appears to be a scrivener's error and does not affect the analysis of the Magistrate Judge or this Court.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In his Petition, it appeared that Petitioner was requesting credit for time spent in jail prior to his federal sentencing and that he was requesting to receive a *nunc pro tunc* designation with credit on his federal sentence from the date he was federally sentenced through the date his state sentence was satisfied and he was turned over to the United States Marshal Service. ECF No. 1. In his response in opposition, Petitioner stated that he was not arguing that his state and federal sentences should have run concurrently. Out of an abundance of caution, the Magistrate Judge addressed this claim. In his objections, Petitioner reiterates that he is not seeking relief on this ground. While it appears this claim is abandoned, like the Magistrate Judge, this Court has reviewed this

2

claim out of an abundance of caution for a pro se Petitioner.  To the extent Petitioner intends to seek a *nunc pro tunc* designation for the time he served in state custody between May 14, 2014, and January 18, 2017, the Court has reviewed the record, applicable law, and Report for clear error; finding none, the Court adopts this portion of the Report.

With respect to Petitioner's remaining claim, the Magistrate Judge provided a thorough recitation of the relevant facts which the Court incorporates by reference. Petitioner was arrested on June 12, 2013, by the Savannah-Chatham Metropolitan Police Department.  ECF No. 10-1 at 1.  On July 15, 2013, Petitioner was temporarily removed from state custody on a federal writ of habeas corpus *ad prosequendum*.  ECF Nos. 10-1 at 2; 10-2 at 9–10.  On February 3, 2014, while still in federal custody, Petitioner's state probation was revoked in full.  ECF Nos. 10-1 at 2; 10-2 at 12–17.  On May 14, 2014, Petitioner was sentenced by the Federal Court to a 120-month term of imprisonment. ECF No. 10-1 at 2 (citing No. 4:13-cr-114-1).  The sentencing judge recommended that "the defendant receive credit toward his federal sentence for all time served in federal custody since July 15, 2013."  ECF Nos. 10-1 at 2; 10-2 at 20.

Petitioner was returned to state custody on May 14, 2014.  ECF Nos. 10-1 at 2; 10-2 at 9–10.  One June 5, 2014, Petitioner was sentenced by the Superior Court of Chatham County, Georgia to a total three-year term of imprisonment for Possession of Controlled Substance and Suspended License and a total ten-year term of imprisonment

for Sale of Marijuana, Sale of Cocaine, and Illegal Use of Communication Facility.  ECF Nos. 10-1 at 2; 10-2 at 2–7.

On January 18, 2017, Petitioner satisfied his state obligations and was released to United States Marshal Service to begin his federal sentence.  ECF No. 10-2 at 26. Petitioner's federal sentence commenced on January 18, 2017, and he received no prior custody credit.  ECF Nos. 10-1 at 2; 10-2 at 28–30.

As explained in detail by the Magistrate Judge, a prisoner is not entitled to credit for presentence custody that has been credited against another sentence.  *See* 18 U.S.C. § 3585.  The fact that the United States Marshal Service "borrowed" Petitioner from state custody did not change his custody status because he remined in the legal custody of the State of Georgia.  *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993) (holding that a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ).  Moreover, even though the sentencing court recommended credit for Petitioner's presentence time served, the Attorney General is ultimately responsible for determining whether a prisoner should receive credit for time served prior to commencing a federal term of imprisonment pursuant to 18 U.S.C. § 3585(b).  *United States v. Smith*, 733 F. App'x 86, 88 (4th Cir. 2018).  Accordingly, Petitioner is not entitled to custody credit for the time prior to his federal sentencing.[2]

---

[2] In his objections, Petitioner states that he "is requesting the prior jail credit that was not credited toward his state sentence."  ECF No. 17.  To the extent he also intends to seek credit for the time he served in state custody after May 14, 2014, the Magistrate

4

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Respondent's motion for summary judgment [10] is **GRANTED** and Petitioner's claim is dismissed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 15, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Judge notes that Petitioner's federal sentence specifically stated that it was to be served consecutively to any term of imprisonment which may be imposed upon revocation of Petitioner's state probation and that silence as to whether a federal sentence should run consecutively or concurrently to any anticipated state sentence creates a presumption that the sentences should run consecutively. *See Tessinger v. Warden FCI Williamsburg*, C/A No. 18-157, 2019 WL 1318729, at *2 (D.S.C. Mar. 22, 2019). Accordingly, Petitioner is not entitled to credit for this time.